**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YANCEY LYNDELL DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ROBERT BRADLEY MILLER, | ) | |
| individually, | ) | Case No. CIV-10-1295-D |
| ROBERT BRADLEY MILLER, in his | ) | |
| official capacity; | ) | |
| THE STATE OF OKLAHOMA; and | ) | |
| DURBIN, LARIMORE AND BIALICK, | ) | |
| a professional corporation; | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the motion to dismiss filed by Durbin, Larimore and Bialick (the "Law

Firm") [Doc. No. 32], seeking dismissal of the claims against it in the Second Amended Complaint.

The Law Firm contends Plaintiff's allegations fail to state a claim upon which relief may be granted,

and it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff timely responded to the motion,

and the Law Firm filed a reply.

Background:

Plaintiff brings this action pursuant to 42 U. S. C. § 1983, alleging the defendants violated

his constitutional rights in connection with Plaintiff's 1995 Oklahoma County murder conviction

and subsequent incarceration.  He also asserts pendent state law claims.   In summary, Plaintiff

contends that Defendant Robert Bradley Miller ("Miller"), the Oklahoma County assistant district

attorney who prosecuted the case against Plaintiff, wrongfully procured Plaintiff's murder

conviction by suborning perjury and by suppressing exculpatory evidence.  He alleges that Miller

induced a witness, Derrick Smith ("Smith"), to falsely identify Plaintiff as a perpetrator of the crime and that, in return for that testimony, Miller agreed to assist Smith in obtaining favorable treatment in an upcoming parole hearing as well as future criminal matters.   Plaintiff alleges that, during the trial, Miller falsely represented to the jury that Smith had no agreement with the prosecution in return for his testimony.   He further alleges that, after Plaintiff's conviction, Miller continued to assist Smith by influencing other prosecutors to file reduced criminal charges or otherwise secure leniency for Smith in criminal matters unrelated to Plaintiff's case.   According to Plaintiff, Miller did so to ensure that Smith would not reveal the fact that he falsely testified against Plaintiff and Paris LaPriest Powell ("Powell")[1] and that he did so in exchange for Miller's agreement to assist Smith.   Plaintiff alleges that Miller continued this wrongful conduct after he joined the Law Firm in late 1998, and that the Law Firm assisted Miller in doing so.

Plaintiff was convicted of murder and sentenced to death on July 6, 1995.   He was incarcerated for approximately 16 years, but was released after successfully seeking federal habeas relief.   *See Douglas v. Mullin,* CIV-02-101-C.   Although relief was initially denied by the District Court, the Tenth Circuit reversed that decision, and remanded with instructions to  grant a writ of habeas corpus, subject to the State's right to retry Plaintiff within a reasonable time.   *Douglas v. Workman,* 560 F. 3d 1156 (10th Cir. 2009).[2] The Oklahoma County District Attorney did not pursue

---

[1]Powell was separately charged and convicted of murder based on the same drive-by shooting that resulted in Plaintiff's conviction.  Smith also testified against Powell in his trial, and Miller was the prosecutor.  Powell has filed a separate lawsuit asserting essentially the same claims against these defendants as those alleged by Plaintiff.  *See Powell vs. Robert Bradley Miller, et al.,* Case No. CIV-10-1294-D.

[2]As explained in the Tenth Circuit opinion, Smith later recanted his trial testimony; he testified at a federal habeas evidentiary hearing that Miller knew Smith testified falsely at trial and

a new trial, the charges against Plaintiff were dismissed, and Plaintiff was released from confinement in October of 2009. After exhausting the Oklahoma Governmental Tort Claims Act notice requirements, Plaintiff filed this lawsuit. He asserts claims against Miller in both his individual and official capacities, against the State of Oklahoma, and against the Law Firm.

Plaintiff's claims against the Law Firm are based on Miller's employment by the Law Firm beginning in late 1998 and the allegation that, thereafter, he continued to assist Smith with various criminal matters thereby allegedly continuing to violate Plaintiff's constitutional rights. Plaintiff alleges that Miller did so with the knowledge and assistance of the Law Firm. Plaintiff contends Miller utilized the Law Firm's facilities and resources, and alleges that at least one Law Firm member was aware of Miller's purportedly wrongful conduct.

Three counts of the Second Amended Complaint are directed at the Law Firm: 1) Count II asserts a common law negligence claim against the Law Firm, seeking to hold it liable for Miller's wrongful conduct under a *respondeat superior* theory; 2) Count IV asserts a § 1983 civil rights claim against the Law Firm, contending it acted jointly with Miller in violating Plaintiff's constitutional rights; Count V alleges the Law Firm is liable for negligent retention and supervision of Miller. The Law Firm argues each claim must be dismissed for failure to state a claim.

Standards governing Rule 12(b)(6) motions to dismiss:

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual

---

that Smith agreed to do so in exchange for Miller's promise to assist Smith with a parole hearing and other criminal matters. *Douglas*, 560 F. 3d at 1167-68. The Circuit discussed the evidence reflecting the assistance provided by Miller to Smith after Plaintiff's conviction, and it indicated Miller's assistance continued until 2002. *Id.* at 1165-67. The Circuit held that *Brady* violations and willful prosecutorial misconduct warranted granting Douglas's request for habeas relief. *Douglas*, 560 F.3d at 1190-93.

allegations 'to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Ashcroft,* 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-555).

When reviewing a Rule 12(b)(6) motion to dismiss, "we look for plausibility in the complaint." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007) (internal quotation

> marks and brackets omitted). "In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. (internal quotation marks omitted). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.' " *Id.* (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

*Marshall v. Morton,* 2011 WL 1549516, at *4 (10th Cir. April 26, 2011) (unpublished opinion). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matthews v. LaBarge, Inc.,* 407 F. App'x. 277, 280 (10th Cir. 2011) (unpublished opinion) (citing *Ashcroft,* 129 S.Ct. at 1949).

In this case, the Second Amended Complaint consists of 22 pages and recites extensive factual allegations regarding Plaintiff's criminal trial, Smith's testimony, and Miller's conduct. Plaintiff also includes a chronological listing of the events he contends are important to his claims. The fact that Plaintiff has listed numerous factual contentions does not, however, necessarily mean he has stated a plausible claim for relief against the Law Firm on the three counts asserted against it. Instead, the Court must apply the *Twombly* standards to the specific pleading requirements governing § 1983 claims and the elements of the two pendent common law claims to determine if Plaintiff has stated a plausible claim for relief.

Standards governing Rule 12(b)(6) in § 1983 claims:

The Law Firm challenges the sufficiency of the § 1983 claim set out in Count IV, arguing that it is not a state entity and that Plaintiff has failed to allege facts sufficient to show that it could be regarded as a state actor. Furthermore, the Law Firm contends that, even if state action could be shown, Plaintiff has not alleged sufficient facts to show that it personally participated in the

conduct on which the claim is based.  Plaintiff contends that he has alleged sufficient facts to show that the Law Firm acted jointly with Miller in his alleged continued violation of Plaintiff's rights after Miller joined the Law Firm.

"Section 1983 provides a federal cause of action against any person who, *acting under color of state law*, deprives another of his federal rights." *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir.2011) (emphasis added).  Because § 1983 is designed to protect individuals from violations of their rights by state actors, the only proper defendants in a § 1983 claim are those who represent the state in some capacity. *Sigmon v. CommunityCare HMO, Inc*., 234 F.3d 1121, 1125 (10th Cir.2000).  However, "[a] defendant does not need to be an officer of the state in order to act under color of state law for purposes of § 1983 liability." *Id.*   But, in order to implicate § 1983, the defendant's conduct must be "fairly attributable to the state." *Lugar v. Edmonson Oil Co* ., 457 U.S. 922, 937 (1983).  The state action requirement of § 1983 necessarily "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted).

A   private entity may be liable under § 1983 if it exerts influence over a state entity, substitutes its judgment for the state entity, or participates in the decision leading to the deprivation of rights. *Beedle v. Wilson,* 422 F. 3d 1059, 1071 (10th Cir. 2005).  To state a plausible claim for relief against an entity on that basis, a plaintiff must allege facts sufficient to show the relationship on which the claim of state action is premised. *See, e.g., Robbins v. State,* 519 F. 3d 1242, 1247 (10th Cir. 2008).

Because § 1983 applies only to state actors, factual contentions supporting state action are

necessarily essential to stating a plausible claim for relief, and "'mere conclusory allegations with no supporting factual averments are insufficient." *Ellibee v. Fox,* 244 F. App'x 839, 843 (10th Cir. 2007) (unpublished opinion) (citations omitted). A complaint which fails to allege facts to show that a private entity exerted influence over a state actor, substituted its judgment for that of the state actor, or participated in the conduct underlying the claim is insufficient to state a § 1983 claim for relief against the private entity. *Beedle,* 422 F. 3d at 1071. Where a private entity's § 1983 status as a state actor is premised upon the contention that it acted jointly with a state employee, the public and private actors must share a common, unconstitutional goal. *Sigmon*, 234 F.3d at 1126. "[T]he pleadings must specifically present facts tending to show agreement and concerted action." *Id.*

Even if the element of state action is supported by factual contentions, a plaintiff must allege sufficient facts to show the defendant personally participated in the challenged conduct. The Tenth Circuit has held the *Twombly* pleading requirements are particularly important in determining if a § 1983 claim for relief has been properly alleged because "state actors may *only* be held liable under § 1983 for their *own* acts." *Robbins*, 519 F. 3d at 1251. (emphasis added). As the Circuit emphasized:

> Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Id.* at 1250 (emphasis in original). In *Robbins,* the plaintiffs sued several defendants in their individual capacities; they alleged the defendants collectively engaged in certain specific conduct which constituted a violation of the plaintiffs' rights. According to the Circuit, the collective allegations were insufficient because the plaintiffs failed to identify the wrongful acts allegedly

committed by each defendant:

> Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Robbins*, 519 F. 3d at 1250.   Thus, the Circuit held that the allegations failed to satisfy both the *Twombly* plausibility requirements and the fair notice requirements of Fed. R. Civ. P. 8.   *Id.*   at 1250-51.

In this case, Plaintiff argues that the Law Firm is a proper § 1983 defendant because it participated jointly with Miller in his alleged continued violation of Plaintiff's constitutional rights after he was employed by the Law Firm.     Plaintiff alleges Miller was employed by the Law Firm in late 1998, and that he "utilized the offices and employees" of the Law Firm in "pursuit of the continued and wrongful incarceration" of Plaintiff.   Second Amended Complaint at ¶¶ 70,72.   He alleges Miller "used office equipment and office staff to assist him in communicating his requests for favorable treatment" of Smith and that such communications were necessary to Miller's attempts to hide the fact that Smith falsely testified against Plaintiff.   *Id.* at ¶ 72.   Plaintiff also alleges the Law Firm maintained a file, labeled No. 0999-01, which was referenced in a communication to the Oklahoma Bar Association.   *Id.* at ¶ 74.

The Court concludes that these allegations are factually insufficient to plausibly establish that the Law Firm was a state actor potentially liable under § 1983.   The allegation that Miller "utilized" the offices, employees, or equipment of the Law Firm, without more, lacks sufficient factual specificity to explain how that allegation supports an inference that the Law Firm exerted influence over a state actor, substituted its judgment for that of the state actor, or participated in the

conduct underlying Plaintiff's claim.  *See Beedle*, 422 F. 3d at 1071.    Nor does the existence of a file, the contents of which Plaintiff fails to explain, provide any factual basis for finding the Law Firm potentially liable as a state actor.

Plaintiff also alleges, however, that a Law Firm member, Gerald Durbin, was present at an evidentiary hearing in connection with Plaintiff's federal habeas corpus proceeding.   Second Amended Complaint at ¶ 75.  Plaintiff alleges that the Law Firm thus heard the testimony of Miller at that hearing as well as the evidence offered by Plaintiff.  *Id.*  Plaintiff further alleges that the Law Firm or "its agents met with members of the Oklahoma Attorney General's office" to discuss "the issues in this case," and the Law Firm "allowed Miller to use its offices, staff, authority, and reputation to perform" the wrongful acts committed by Miller.  *Id.* at ¶¶ 76-77.

While these allegations are somewhat factually specific, they do not include facts regarding the time period in which the alleged conduct occurred.  No date is provided for the evidentiary hearing or the  Law Firm's meeting with the Attorney General's office, nor is it clear whether "this case" refers to Plaintiff's criminal case or the instant lawsuit.   Furthermore, even if a firm member attended a hearing and heard the evidence involving Miller, that does not mean the member or the Law Firm actually participated in the conduct reflected in that evidence.  Nor does the Second Amended Complaint specifically allege the purportedly wrongful conduct, if any, that was engaged in by the Law Firm *after* the hearing or the meeting.

The Court concludes that the factual allegations asserted by Plaintiff lack sufficient specificity with regard to the relevant time period to create a plausible basis that the Law Firm may have taken action sufficient to render it a state actor.  A reading of the Second Amended Complaint

in its entirety suggests that the hearing and the meeting with the Attorney General occurred after Miller committed the acts which Plaintiff claims violated his constitutional rights.    These allegations are too vague to permit even an inference that the Law Firm could be regarded as a state actor for § 1983 purposes.

The § 1983 allegations against the Law Firm are similarly deficient because Plaintiff has not alleged sufficient facts to establish the Law Firm's personal participation in the alleged constitutional deprivation.  That Miller occupied an office on the premises of the Law Firm does not, without more, render the Law Firm a participant in any wrongful acts he committed.  Plaintiff must allege facts to identify the conduct in which he contends the Law Firm engaged and how that conduct violated his rights.  For these reasons, the Law Firm's motion to dismiss Count IV must be granted.

Negligence claim:

Plaintiff's negligence claim against the Law Firm, asserted in Count II, seeks to hold it liable on the theory that, because Miller allegedly committed wrongful acts on its premises, it is liable for his conduct under a theory of *respondeat superior*.  The Law Firm seeks dismissal of this claim for failure to allege facts sufficient to constitute the requisite elements.

Under Oklahoma law, an employer may be liable for the tortious acts of its employees under a *respondeat superior* theory only if the "harm is inflicted while the agent or servant is on duty, on the job, or fulfilling an employment-related mission; and the complained of act is incident to or activated by such service to the master or principal." *Dill v. Rader,* 533 P. 2d 650, 656 (Okla. Civ. App. 1975).  An employee acts within the scope of his employment where he is engaged in work

assigned by the employer, work that is necessary to accomplish the employer's assignments, or that which is customary within the employer's trade or business. *Nail v. City of Henryetta,* 911 P. 2d 914, 916 n. 4 (Okla. 1996) (citations omitted).

The Second Amended Complaint does not allege facts sufficient to show that Miller acted within the scope of his employment by the Law Firm when he allegedly committed acts harmful to Plaintiff while he was working at the Law Firm.   Plaintiff does not allege that the conduct at issue was assigned by the Law Firm, nor does he allege that it was necessary to accomplish any work assigned to Miller by the law Firm.   There are no factual allegations from which the Court could reasonably infer that Miller was acting within the scope of his employment when he allegedly continued his wrongful conduct toward Plaintiff.

The Court concludes that Count II fails to state a plausible claim for relief against the Law Firm, and the motion to dismiss must be granted.   Viewing the allegations in the Second Amended Complaint in their entirety, it does not appear that Plaintiff can allege facts to show that the Law Firm assigned Miller to perform the conduct allegedly harming Plaintiff, as  Plaintiff  alleges that Miller's actions began prior to his employment with the Law Firm, and his conduct while employed there was a continuation of actions which commenced long before his employment.

Negligent retention of an employee:

In Count V of the Second Amended Complaint, Plaintiff seeks to hold the Law Firm liable for Miller's wrongful conduct by asserting that the Law Firm negligently supervised and retained him as an employee.  The Law Firm seeks dismissal on the grounds that there are insufficient factual allegations to state a claim on this basis.

11

Under Oklahoma law, the tort of negligent training and supervision may be asserted against an employer who had "reason to know" that one of its employees "is likely to harm others." *Schovanec v. Archdiocese of Oklahoma City,* 188 P. 3d 158, 170 (Okla. 2008); *Escue v. Northern Oklahoma College,* 450 F. 3d 1146, 1156 (10th Cir. 2006) (quoting *New Hampshire v. Presbyterian Church (U.S.A.)*, 998 P. 2d 592, 600 (Okla. 1999)).

> Employers may be held liable for negligence in hiring, supervising or retaining an employee. In such instances, recovery is sought for the employer's negligence. The claim is based on an employee's harm to a third party through employment. An employer is found liable, if–at the critical time of the tortious incident–, the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought.

*N.H. v. Presbyterian Church (U.S.A.)* 998 P.2d 592, 600 (Okla.1999). "The critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id.*

As the Law Firm correctly argues, Plaintiff alleges no facts to show that, when Miller was hired, it was aware of his prior conduct regarding Plaintiff's prosecution or Miller's actions on behalf of Smith. The absence of such allegations renders this claim insufficient under Oklahoma law. The motion to dismiss is granted.

<u>Leave to amend:</u>

When a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend to cure the deficiencies should normally be granted unless the Court determines that an amendment would be futile. *See, e.g., Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (citing *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996)). Here, the Law Firm previously filed a motion to dismiss

[Doc. No. 16] the First Amended Complaint on substantially the same grounds advanced in the instant motion.  Plaintiff thereafter filed a request [Doc. No. 28] to amend his pleading in an attempt to cure the purported deficiencies.  That request was granted, resulting in the filing of the Second Amended Complaint, which is the subject of the instant motion.  The Second Amended Complaint, however, did not cure the pleading deficiencies identified regarding the claims addressed herein.  Therefore, leave to further amend would be futile, and the involved claims are dismissed with prejudice.

*Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006).

Conclusion:

  For the foregoing reasons, the Law Firm's motion to dismiss [Doc. No. 32] is GRANTED. Plaintiff's claims against the Law Firm are dismissed with prejudice.

  IT IS SO ORDERED this 29th day of March, 2012.

            _____
            TIMOTHY D. DeGIUSTI
            UNITED STATES DISTRICT JUDGE