IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YANCEY LYNDELL DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1295-D |
| | ) | |
| ROBERT BRADLEY MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING MOTION TO QUASH SUBPOENA

Before the Court is Defendants' Motion to Quash Subpoena Duces Tecum [Doc. No. 165], filed pursuant to Fed. R. Civ. P. 45(d). Defendants ask the Court to quash a subpoena issued by Plaintiff on June 1, 2017, to the Oklahoma County District Attorney requiring the production on June 9, 2017, of files regarding five criminal cases. Defendants' primary objections are that Plaintiff failed to provide prior notice to the parties before service of the subpoena, as required by Rule 45(a)(4) and LCvR45.1(a), and failed to allow a reasonable time for the District Attorney's office to comply with the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Defendants also make general objections of relevance and undue burden on the District Attorney's office.

In response, Plaintiff concedes his noncompliance with Rule 45 and LCvR45.1, but explains his efforts to obtain the case files earlier through an Open Records Act request and his attempt to meet the discovery cut-off, which was June 19, 2017. Shortly after filing his response, Plaintiff moved to extend the deadline to complete discovery; his

motion will be addressed by a separate order. Defendants' Motion is fully briefed and ready for decision.

Upon consideration of the issues presented by the parties, the Court finds that the subpoena should not be quashed but, instead, should be modified to provide a reasonable amount of time for compliance. While not condoning Plaintiff's failure to comply with Rule 45(a)(4), the Court finds that Defendants received actual notice of the subpoena and, as demonstrated by their Motion, an opportunity to object to Plaintiff's request for the District Attorney's records before any document production had occurred.

The Court further finds that Defendants' substantive objection is not well taken. The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). The concept of proportionality allows discovery to be limited based on a consideration of enumerated factors in Rule 26(b)(1), and a district court may also limit discovery under certain circumstances set out in Rule 26(b)(2)(C). Here, Defendants do not present any particular circumstance for consideration by the Court. They expressly acknowledge that information "need not be admissible in evidence to be discoverable." *See* Fed. R. Civ. P. 26(b)(1); Defs.' Mot Quash [Doc. No. 165] at 4. It appears that Plaintiff is reasonably seeking to review the District Attorney's criminal case files related to potential witnesses in this case. The Court is confident that any undue burden on the District Attorney's office can be avoided through reasonably cooperative efforts of counsel.

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Subpoena Duces Tecum [Doc. No. 165] is DENIED but the subpoena to the Oklahoma County District Attorney [Doc. No. 165-2] is MODIFIED to allow a reasonable time for production of the requested documents on a date on or before July 5, 2017, that is mutually agreeable to counsel for the parties and the District Attorney's office.

IT IS SO ORDERED this 22nd day of June, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE