IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

YANCEY LYNDELL DOUGLAS,         )
                                )
            Plaintiff,          )
                                )
v.                              )  Case No. CIV-10-1295-D
                                )
ROBERT BRADLEY MILLER, *et al.*,)
                                )
            Defendants.         )

# **O R D E R**

Before the Court is Defendants' Motion to Strike Plaintiff's Expert Witnesses [Doc. No. 163], filed pursuant to Rule 26(a)(2) and Rule 37(c), Fed. R. Civ. P.[1] Defendants seek to preclude Plaintiff from presenting testimony of 29 witnesses named in his Final Expert Witness List because he failed to comply with the requirements of Rule 26(a)(2)(B) and (C) to provide expert reports or summaries of the anticipated testimony. Plaintiff contends these individuals are actually fact witnesses with specialized knowledge, like treating physicians, and any noncompliance with the expert disclosure rule is inconsequential because Defendants are well aware of their proposed testimony in that some are listed as

---

[1] Defendants cite Rule 26(a)(2)(B) in their Motion but present arguments in their supporting briefs based on Rule 26(a)(2)(C) and Rule 37(c)(1). Defendants also cite Fed. R. Evid. 403 in their Motion and present arguments in their briefs challenging the admissibility of the witnesses' testimony under this rule, as well as objecting to relevance under Rules 401 and 702. The Court cannot make a reasoned decision on the existing record and the parties' briefs of whether the potential testimony of these witnesses should be admitted at trial. In particular, a balancing of interests under Rule 403 would require an objection to specific testimony and an assessment of its probative value in the context of other trial issues. The Court finds the evidentiary issues raised by Defendants' Motion are premature and inadequately presented.

defense witnesses and most have previously testified, prepared a report, or participated in prior proceedings regarding Defendant Miller.

The primary issue raised by Defendants' Motion is Plaintiff's duty to disclose the expected testimony of the challenged witnesses as required by Rule 26(a)(2). Any decision to exclude evidence as a sanction for a party's failure to disclose required information is governed by Rule 37(c)(1). The Motion is thus subject to LCvR37.1, which provides: "With respect to all motions and objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, the court shall refuse to hear any such motion or objection unless counsel for the movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." The Court finds that Defendants' Motion fails to comply with LCvR37.1, and declines to hear it.

In any event, before imposing the requested sanction, the Court would need to determine whether "the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). A district court making this determination "should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotation omitted); *see ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176-78 (10th Cir.

2011). Defendants fail to address these factors and thus to justify the exclusion of Plaintiff's witnesses under the circumstances presented.[2]

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Expert Witnesses [Doc. No. 163] is DENIED.

IT IS SO ORDERED this 13th day of July, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, in view of the rapidly approaching trial date in this laborious case, all parties would be better served by working cooperatively to prepare for trial and focusing on trial issues.